```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   ROBERT L. FROMER,                                        :
                              Plaintiff                     :
                                                            :         13-CV-8567 (JPO)
                  -v-                                       :
                                                            :         OPINION AND ORDER
   ROGER MINCHEFF,                                          :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

      Plaintiff Robert L. Fromer brings this action against his soon-to-be-former son-in-law, Roger Mincheff, for payment on a $600,000 promissory note. Mincheff moves to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. He argues that this Court lacks subject matter jurisdiction over this action pursuant to the "domestic relations" exception to diversity jurisdiction. *See, e.g.*, *Barber v. Barber*, 62 U.S. (21 How.) 582 (1858). For the reasons that follow, Mincheff's motion is denied.

      This case begins with a lunch meeting between Fromer and his son-in-law, Mincheff. (Dkt. No. 16, Defendant's Memorandum of Law, at 3). The result of that lunch was a line of credit at Citibank in Mincheff's name, secured by Fromer. For two years Mincheff drew on this credit, ultimately racking up $747,000 of debt. When Citibank called for repayment, Mincheff could retire only $150,000 worth of the bill. He called on Fromer, who offered him a loan of $500,000, secured by Mincheff's shares in a media concern, Spacedog, Inc. (Dkt. No. 18, Plaintiff's Memorandum of Law, at 3.) Eventually, Citibank pressed Mincheff to retire the remaining $100,000. He again called on Fromer, who lent him $100,000, to make a total debt of $600,000, which the parties memorialized in a consolidated promissory note signed on January 26, 2011. *Id.* Mincheff made monthly payments on the note for a while, but then stopped paying

1

around the time of his separation from Fromer's daughter.  (Dkt. No. 22, Defendant's Reply Declaration, at ¶ 7.)

The domestic relations exception to diversity jurisdiction rests on a reading of 28 U.S.C. § 1332.  The reading rests on a shaky historical foundation.  *See Marshall v. Marshall*, 547 U.S. 293, 307 (2006) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 700 (1992)); *see also Spindel v. Spindel*, 283 F. Supp. 797, 802 (E.D.N.Y. 1968) (Weinstein, J.).  The basic premise is that when § 1332 mentioned "all suits of a civil nature at common law or in equity,"[1] it did not mean to refer to divorce proceedings, which were not cognizable at law or equity in 18th century England.  Thus, the federal courts "disclaim altogether any jurisdiction . . . upon the subject of divorce, or for the allowance of alimony."  *Barber*, 62 U.S. (21 How.) at 584.  The Second Circuit has held that "[i]n a case not coming within the exception . . . , a federal court may still decline jurisdiction if the action is 'on the verge' of the exception . . . ."  *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976).[2]

The parties dispute the purpose of the $600,000 loan.  Fromer claims that it was a straightforward business proposition, premised on a desire to help Mincheff with his ongoing Spacedog business.  (Dkt. No. 18, Plaintiff's Memorandum, at 1.)  Mincheff, on the other hand, claims that the debt was made to cover the couple's exorbitant "marital expenses," which, Mincheff contends, were well beyond their modest means.  (Dkt. No. 16, Defendant's Memorandum, at 3.)  Under New York law, debts incurred for the purpose of funding marital

---

[1] § 1332 now refers to "all civil actions."

[2] It is not precisely clear how much of *Bossom* survived *Marshall*'s overall tightening of judicially crafted exceptions to 28 U.S.C. § 1332.  *See, e.g.*, Wright, Miller, & Cooper, 13 Federal Practice and Procedure § 3609.1 (3d ed. 2014) ("Although the application of *Marshall* to domestic relations cases is yet to be brought into focus, the tenor of that decision suggests that a significant reduction of the exception's scope should be expected.").  The Court need not address this question because this case is comfortably far from the "verge" of the exception.

expenses are subtracted from the property subject to equitable distribution in a divorce. *E.g.*, *Feldman v. Feldman,* 204 A.D.2d 268, 270 (N.Y. App. Div. 2d Dep't 1994). But personal debts incurred for other purposes are not. *Id.* Thus, Mincheff appears to claim, a matrimonial issue lurks just below the surface of this otherwise straightforward contract dispute.

    Mincheff's argument is unpersuasive. The alleged loan has only a tangential connection to the marital relationship between Mincheff and Fromer's daughter, who was not a party to the loan agreement. There may well be a dispute over whether the claimed debt is marital. But under no circumstances will this Court need to address that question. Fromer seeks payment on a debt; the only issue in this action is whether that debt is owed. If it is owed, the Supreme Court of the State of New York can determine whether it is marital. This Court will not "need to delve into the parties' domestic affairs . . . ." *Rash v. Rash*, 173 F. 3d 1376, 1380 (11th Cir. 1999).

    Accordingly, the domestic relations exception does not apply, and Defendant's motion to dismiss is denied.[3] The Clerk of Court is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: July 17, 2014
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[3] Because any judgment this Court may issue with respect to the $600,000 promissory note will not interfere with the divorce proceeding currently pending in New York Supreme Court, Defendant's request that this Court abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), is denied.